## FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Jonathan Andre Gilmore

(Enter above the full name of the plaintiff in this action)

V.

DR. Stephany M<sup>c</sup>Grann MD/CO

DR. kyle knowles MD

DR. C. morley phd

(Enter the full name of the defendant of defendants in this action)

COMPLAINT

Civil Action No. _____

(To be supplied by the Clerk of the Court)

RECEIVED
AT 8:30
OCT 19 2021
WILLIAM T. WALSH
CLERK

## INSTRUCTIONS; READ CAREFULLY

1.    This complaint must be legibly handwritten or typewritten, signed by the plaintiff and   subscribed to under penalty of perjury as being true and correct.  All questions must be answered concisely in the proper space on the form.  Where more space is needed to answer any question, attach a separate sheet.

2.    In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3.    You must provide the full name of each defendant or defendants and where they can be found.

4.    You must send the original and one copy of the complaint to the Clerk of the District Court.  You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants. One to indigent Status, unable to pay for copies, as Prisoners are charged for copies

5.    Upon receipt of a fee of $400.00 (a filing fee of $350.00, and an administrative fee of   $50.00), your complaint will be filed.  You will be responsible for service of a separate summons and copy of the complaint on each defendant.  See Rule 4, Federal Rule of Civil Procedure.

6.    If you cannot prepay the $400.00 fee, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to proceed in forma pauperis. See 28 U.S.C. §1915. (If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)

7.    If you are given permission to proceed in forma pauperis, the $50.00 Administrative Fee will not be assessed. The Clerk will prepare and issue a copy of the summons for each defendant. The copies of summonses and the copies of the complaint which you have submitted will be forwarded by the Clerk to the United States Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a.    Jurisdiction is asserted pursuant to (CHECK ONE)

☒ - 42 U.S.C. §1983 (applies to state prisoners)

✓ Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below:

~~Both apply to plaintiff as euro a federal prisoner.~~

1b.    Indicate whether you are a prisoner or other confined person as follows:

___ Pretrial detainee

___ Civilly-committed detainee

___ Immigration detainee

___ Convicted and sentenced state prisoner

✓ Convicted and sentenced federal prisoner

___ Other: (please explain)_____



2. Previously Dismissed Federal Civil Actions or Appeals

If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

a. Parties to previous lawsuit:

Plaintiff(s): __N/A__ (Though possible litigation in New Jersey could be

Defendant(s): __N/A__ filed in unrelated matter within a few weeks)

b. Court and docket number: __N/A__

c. Grounds for dismissal: ( ) frivolous ( ) malicious

( ) failure to state a claim upon which relief may be granted

d. Approximate date of filing lawsuit: __N/A__

e. Approximate date of disposition: __N/A__

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on separate sheets.

3. Place of Present Confinement? __F.C.I, Butner 1__

4. Parties

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any.)

a. Name of plaintiff: __Jonathan Andre (Gil) more__

Address: Federal correctional Institute Box 100

Inmate#: 22026-058    Butner, NC 27509

b.  First defendant:

Name: DR. Stephany McGrann

Official position: Clinical Director

Place of employment: F.C.I. Fairton, Fairton, New Jer

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

1.) Delayed and punnished plaintiff over serious medical needs, via callous Deliberate indifference (8th Amenc violation.) and Retaliated / 1st Amendment violation with Doctoring/Changing records to hide liability

c.  Second defendant:

Name: DR. kyle knowles

Official position: medical Doctor

Place of employment: F.CI, Fairton    Fairton, New Jersey

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

1.) First Amendment violation via Retaliation in Doctoring/changing records in attempt to hide liability.

d.  If there are more than two defendants, attach a separate sheet. For each defendant specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant.

3rd Defendant.                                                Pg. 4-A

Name: DR. C. Morley phd

Official Position: staff psychologist

Place of employment: F.C.I. Fairton, Fariton, New Jersey.

How is the person involved in the case?

1) First Amendment violation by Retaliation after injuries occured, by doctoring/changing records in attempt to hide liability, along with verbal threats.

3rd circuit
District Court of
New Jersey

(1.)

Jonathan Gilmore
Plaintiff
vs.     Civil
DR. S. McGann CD/MD
DR. K. Knowles MD
DR. C. Morley phd
Defendants

Now comes forth the plaintiff, under Bivens vs. Six unknown Narcotic agents, 403 U.S. 388 (1971) with just cause showing First Amendment violations by all three defendants, and 8th Amendment violations by DR. S. McGann CD/MD. Thus just cause to seek redress and relief for injuries caused.

## Back round

1.) The plaintiff comes forth pro-se.

2.) The defendants face suit in their individual capacities.

3.) The plaintiff is diagnosed by B.O.P. and private doctors with severe P.T.S.D and borderline issues due to severe childhood trauma. The plaintiff is housed in B.O.P. custody as a care level 3 psych. Alert inmate because of chronic mental health issues.

4.) This court has jurisdiction because on 10/16/2019 the writer arrived to F.C.I. Fairton in Fairton, New Jersey as a new arrival. The writer has been in custody of the B.O.P. since 9/30/2009.

5) This writer arrived on two mental health medications, One) Zoloft, to combat P.T.S.D related anxiety, and Two) wellbutrin to curb suicide ideology, and self harm impulses.

②

6.) The wellbutrin not actually on the B.O.P's formulary for approved anti-deppresants was prescribed to this writer by B.O.P. Doctors/psych. at Regional supervisor levels. That Non formulary regimen began in March, 2019, Pending 100% compliance on 30 day trial. Multiple 30 day trials (successfully) lead to Bop at Regional levels allowing my medication regimen of Zoloft and wellbutrin to be continued until 7-2-2021 × 180 days. (upon arrival (to current facility in Butner, N.C.) on 8/5/2020, the regimen has perpetually stayed the desired effective course of zoloft and wellbutrin)

7.) Between 2015 and 2018, in Bop custody, this writer had three serious suicide attempts which all required multiple day stays in outside hospitals in the community. Prior to incarceration, from 2003 via 2009 was on the disputed medication (wellbutrin) with zero suicide attempts. upon arrival to BOP, in 2009, until 2014, this writer was on the disputed medication (wellbutrin) In 2014, the Bop removed said medicine from it's formulary. Doctors tried multiple medication changes and regimens (and as said from 2014 via 2018, three serious suicide attempts) with little success. None curbing suicide ideology.

8.) Thus in 2019 in March under Judicial prompting (exhibit B) and Bop primary psychologist for the writer, (DR. Chantel Chin) again this writer began taking wellbutrin again. (From March, 2019 until October 2019 this writer had Zero suicide or self harm attempts.

9.) So on Oct. 16th 2019 this writer arrived on his two proven effective mental health medications. Zoloft and wellbutrin with no thoughts of self harm or suic

③

ide ideology bothering this writer.

<u>Claim</u>

1.) on 10/17/19 and 10/21/2019 DR. S. McGann MD/CO and DR. Morley would agree that wellbutrin was restric ted on the prison compound, thus not allowed. (exhibit C) This was verbatim from DR. McGann (medicine restricted.) So medicine was stopped same day as first meeting 10/17/2019.
This writer pointed out B.O.P. Regional level regimen, valid via Non-formulary approval status, at that time, until 7-2-2021 × 180 days. Also it's proven effectiveness to curb suicidal ideology. DR. S. McGann stated "well, that doesn't matter now, I'm in charge of your treatment. It's restricted here, inmates abuse it, and we can discuss alternative medication regimens." This writer would leave said meeting both times, refusing to address alter native medication regimens because that current regimen was the alternative regimen.

2) This writer began his grievance process over stopping his medicine to prevent suicide ideology.
off the medicine from 10/16/2019 and during the next seven weeks, staff psychologist placed this writer on multiple suicide watches due to mental health deterating with suicide ideology.

3) Then on 11/29/2019 this writer would try and kill hi m self and took over 100 pills of Tylenol and Asprin, and would require a trip to an outside Hospital.
In such bad shape upon arrival this writer wou ld require I. C. U. Placement at Inspira

(9)

Hospital in vineland, New Jersey.
Upon return (from ICu) to the prison this writer
was right away placed on Suicide watch.
(In the ICu for several days, the Hospital rest
arted my wellbutrin, and told B.O.P medical it was th
eir opinion I should continue to take It.
Then around 12/4/2019 DR. M^cGann MD/CD of BOP
FCI FairToan, would place this writer back en Sortd
medication (wellbutrin) lying about medicine being restric
ted (exhibit C) and which this delay, In such obvi
ous negligence, caused severe physical & Injuries and & ment
al injuries and a suicide (almost successful) by cruel
punnishment of Stoping this writers medicine.

(5)

~~utterance~~. The plaintiff would ask/state "I thought you told me it's restrickted at FCI Fairton." She would reply (DR. McGann) "It's spilt milk now MR. Gilmore." (see exhibit C) (Exhibit F you'll see the med reston)

6.) Confused by all that had transpired, the plaintiff in his care level 3 meeting with DR. Morley around 12/13/2019 exspressed his desire to continue grievance process due to injuries Caused by DR. McGanns delay in treatment. DR Morley stated "If I was you MR. Gilmore I'd let it go. What if staff give you more problems and Make your life harder." The plaintiff shut down at that point. The plaintiff with grievances already in place, and DR. Morley as this writers primary, thus privy to said grievances, takes/took her Statement as a serious threat and an attempt to stop the plaintiffs grievance process with intimidation.

7.) The writer would be shipped out of F.C.I. Fairton 1/8/2020 and shipped to F.C.I. Sheridan in Sheridan oregon. Around 2/18/2020 the plaintiff recieved his psychchology records from his entire time at F.C.I Fariton. During review of said records, and records from the medical department, the plaintiff noticed DR. Knowles, DR S. McGann, and DR. Morle all altered and doctored records. This was done in retaliation for pending grievances, and in hopes to curb liability. Also criminal in nature.

8.) On, 2/27/2020 while at F.C.I. Sheridan the plaintiff/writer mailed a Sensitive BP-9 to the BOP Northeast Regional office in Philadelphia, PA. The legal mail was sealed in front of and given



(6)

to officer Branton on 2/27/2020 around nine pm in the shu.(This BP-9 addressed the doctored records.)
19.) The plaintiff/writer on 3/10/2020 gave Case mngr De boner legal mail to Judge Cooke in Miami, FL Including the altered/Doctored records, a copy of the Sensitive BP-9 Sent to the Northeast BOP Regional office, along with a motion.(As I was told to keep her ~~informal~~
20.) Though the Northeast Regional office has yet to acknowledge reciept or rule on BP-9 (both policy violations) Judge Cooke has acknowledged reciept of said records.My criminal lawyer as well.    Claim

The plaintiff/writer comes forth under ~~Constitution~~ ~~~~ Bivens V. Six unknown Narcotic Agents 403 U.S. 388 (97) with two claims upon which relief can be (and is) sought.

First, defendant DR S. McGann did violate the plaintiffs 8th Amendment right, by her callous deliberate indifference in her denial, then lie, then delay of serious medical need and treatment in which punishment caused the writer injuries both physical and mental.

Second, DR. McGann, DR. Knowles, and DR. Morley all violated the plaintiffs First Amendment right with their Retaliation once his protected Constitutional right to file grievances began.That Retaliation has also caused damage and injuries to the plaintiff/writer.(And is criminal.

Deliberate indifference/
Delay in medical treatment
8th Amendment violation

The Supreme Court set a medical deliberate indifference Standard/doctrine in Estelle V. Gamble 429 U.S. 97 (1976)

which when applied to DR. S. McGanns delay in medical treatment, her stopping of medical treatment for non-medical reasons, (all punnishments which caused this writer severe physical and mental injuries) and will show DR. McGann violated the Estelle Doctrine, thus, causing cruel and unusual punnishme and violating clearly established law.

"In order to set forth a cognizable claim, an inmate mus allege one) A serious medical need and two) Acts or omissio by a prison official that indicate deliberate indifference to that need." Estelle V. Gamble, 429 U.S. 97 103-105 (1976)

"To state a cause of action under section 1983, a plaintiff must allege that 1) The conduct complained of was commited by persons acting under the color of law and 2) The conduct vio lated a right, priviledge, or immunity secured by the Con stitution." Harvey V. Plains Township police, 421 F.3d 185 (3rd Circuit 2005) ~~Inacting~~ West. V. Atkins (3rd 1988) The 3rd circuit has found acts and omissions amounting to deliberate indifference to serious medical needs in several law texts:

1.) prison Authority deny reasonable request for medical treatment.

2.) knowledge of the need for medical care is accompanied by the intentional refusal to provide it.

3) Necessary medical treatment is delayed for non-medical re asons and 4.) prison Authorities prevent an inmate from re ceiving recommended treatment for serious medical needs.

DR McGann is guilty of all this criteria. The plaintiff arriv ed to F.C.I. Fairton on 10/16/2019 with a proved effecti medication reginen already in place by B.O.P. Regional offic no-dical levels with an approval date valid a 6/11/2011

(8.)

X 180 days. (see exhibit A.) DR. McGanns knowledge of the plaintiffs' serious medical need, Serious suicide history and probability, prior medication regimens not working, was all data available for review, and at DR. McGanns ability to infer from. Her Callous deliberate indifference to first lie, and stop medicine (medication Restricted at Fairton) then a 7 week delay in prescribing a proven effective regimen, that was already in place, by BOP Regional offices, is the choices that became the driving force and punnishment which caused injury both physical and mental.

Her choice to stop the medication because "other inmates abuse it" is also a non medical reason as it relates, to the plaintiff thus also a violation of the Estelle doctrine.

The supreme court in Estelle v. bamble cited Martinez v. Mancusi, 443 F.2nd, 921 (2nd Cir. 1970) which held "that prison officials did violate the 8th Amendment when they deliberately ignore the express orders of a prisoners prior physician." The writers treatment regimen was not ordered or prescribed by some unknown/private Doctor. Rather in place by the B.O.P's own Regional office medical Doctor and Psychologists.

The Courts rely on a subjective and objective prong in regards to Medical deliberate indifference. But the delay or denial (both true in this Claim) of medical treatment involves only a Subjective inquiry Since their is no presumption that the Defendant(s) acted properly, it lacks the objective propriety of the medical prong of an adequcy care claim.

In this case, the Surrounding circumstances are beyond Sufficient to permit a reasonable Jury to find that DR. MC

⑨

Granns delay and denial were motivated by non medical factors as it related to this writer. "A prison official is deliberately indifferent if he/she knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm." Farmer v. Brennan 511 U.S. 825 (1970) As a care level 3, psych. Alert, Inmate with three suicides in the 4 years leading up to her care, the plaintiffs suicide ideology was plainly obvious. In Estelle v. Gamble and Pearson v. prison health services, 850 F.3d 526, 537 (3rd Cir. 2017) "A prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." That is exactly what DR. McGann did in this case/claim.

The 3rd Circuit has defined a medical need as serious if it has been diagnosed by a physician as requiring treatment. The plaintiff by evidence here within proves his serious medical issues, requiring treatment on a perpetual basis.

DR McGann only restarted the medication after A) grievances began, but more importantly B) ~~Such a serious suicide~~ attempt I landed in the ICU and critical. Injuries caused by delay in treatment by DR. McGann. This wasnt just desirable treatment for the plaintiff, but needed and essential to combat serious suicide ideology with the regimen having proven it's effectiveness over a long length of time. The clearly established laws in place, the known prior suicide history, the regimen in place by B.O.P Regional Doctors until 7/2/2021 X 180 days are all the reasons that show/prove 8th Amendment violations by DR. Stephany McGann. She was the sole cause to Injuries suffered by the plaintiff both physical and mental.



is why under ~~████████~~ ~~████████~~ Bivens, this is a valid claim for redress and relief for the plaintiff.

## First Amendment violations / Retaliation by DR. S. McGann DR. Knowles and DR. Morley

Once the plaintiffs disputed medication was stopped by DR. McGann, for non medical reasons, on top of Numero as lies from DR. McGann, the plaintiff began his grievance process which would lead DR. McGann, DR. Knowles and DR. Morley to all retaliate against the plaintiff by Doctoring records to curb liability because the medical negligence and callous deliberate indifference lead to severe injury. DR. Morley also made specific verbal threats, "Let it go. Staff can make your life harder!"
"Retaliation for the exercise of a constitutionally protected activity is a violation of rights secured by the constitution, and therefore cognizable under 1983" Rauser v. Horn, 241 F.3d 330 (3rd 2001)
A prisoner must prove that he engaged in a constutional protected activity. (Rauser at 333) second) a prisoner must demonstrate that he suffered some adverse action at the hands of prison officials.
A prisoner satisfies this element by showing adverse action sufficient to deter a person of ordinary firmness from excercising his first Amendment rights.
Third) A prisoner/plaintiff must prove that his constitutionaly protected conduct was a motivating factor in defendents conduct. The plaintiff has provided need proof.
Once the plaintiff landed in the ICU the whole Rauser

(1)

sation changed with DR. McCann. Thus exposing her lies In delaying needed medical treatment, You'll see in exhibit C DR. McCann states the disputed medication, wellbutrin, is/ was restrickted on the prison compound. (This was 10/21/2019) Yet, later, records reveal the plaintiff was placed back on the medicine. So, which was it? Allowed only after near death and ICu Stay? or could of been (Should have been) continued upon arrival & due to serious medical needs and serious prior suicide history within the B.O.f Then when DR. McCann saw her Liability come to the Surface she, DR. knowles, and DR. morley all changed and Doctored records by lying about when the disputed med cation was re started. (criminal behavior as well.) (exhibits F) You'll See DR. McCann states she re started the disputed medication on 11/20/2019. That DR. knowles refers to the medication also being re started "recently" on 11/26/2019. But the defendant will prove the medication wasn't re start ed until after 12/2/2019 and the near suicide and ICu trip. (And injuries suffered and clearly established laws violated by defendant The ~~defen~~ plaintiff left for Inspira hospital on 11/29 2019 and was placed into the ICu.

Every record from said hospital trip states the plaintiff still being off the wellbutrin, (medication was discontinued for coverage issues, and that the Hospital would re start the medication.)

If DR. McCann restarted the wellbutrin on 11/20/2 019, why on 11/29/2019 via 12/2/2019 is the hospital perpetually refered to the plaintiffs medication having been stopped for months? By the prison? Both can't be true!! (Exhibit G shows on 11/15/2019 Bop was aware claims we

coming, and legal action was being considered. Then 11/20/2019
Records are Doctored?                                                    (R)

With respect to the Causation prong of Rauser v. Horn
the Court considers whether a reasonable Jury could
link the defendants conduct to retaliatory animus.
Jensen v. Porter, 435 F3d 444, 449 (3rd Cir. 2006)
The only Cause for doctoring, lying and Changing rec
words was to try and Curb liability, and hide unlawful behavior.
All behavior, action, and severe negligence ( and
(criminal) once plaintiffs protected rights of griev
ances began and plaintiffs near suicide / ICU
trip which exposed serious liability on behalf
Of DR. McCanns delay and deliberate Indifferent
Medical Care.
The 3rd prong of Rauser / and Causation which specifically
requires either an unusually suggestive temporal proximity be
tween the protected activity and the retaliatory action, or
a pattern of antagonism coupled with timing to a Casual link.
Lauren W. Jean W. V. Deflaminis, 480 F3d 259, 267 (3rd
Circuit 2007) The Plaintiff has provided the false documents
and lies by DR. McGann, DR. Knowles, and DR. Morley, in
Exhibits C, D, and E, F, and exhibit G, that legal action was coming.
How is it on the date of the ICU/suicide trip to Inspir
Hospital (11/29/2019) can the Hospital perpetually refering to
FCI Fairton canceling the wellbutrin, being off the wellbut
rin, or Inspira re starting the wellbutrin themselves? Yet,
DR. McGann says she re started it on 11/20/19, why would
the hospital, whom was in daily contact with F.C.I. Fai
ton, not know the plaintiffs medication Situation? With the
Tylenol and Aspirin overdose they took enough blood samples
that clearly checked the plaintiffs drug levels accross the
board? Their is discrepancy because DR. McGann, know

13.

and DR. Morley are all lying to curb their liability in Retaliation for the plaintiff seeking use of his protected Constitutional right to file a grievance, and because of Injured physical and mental, resulting from Cruel and unusual punnishments. An attempt to show the medication not being restarted after the writers near death / ICU outside hospital trip and return of 12/2/2019, but, their lie of the medicine of being restarted 11/20/2019 so it wouldn't look as bad of delay. Yet DR. McGann and Morley in Exhibit C, in their own words, lie, stating the disputed medicine, wellbutrin, was/is restricted at F.C.I. Fairton. Yet in Exhibit F, in their own words the medicine was restarted with the same expiration date 7/2/2021 X 180 days; the Regional BOP order from June 2019 months prior to DR. McGanns care.) That lie of restricted medicine is, followed by the lie of restarting the medicine on 11/20/2019 (exhibit F) rather their truthfully 12/2/2019 only after a near death, suicide attempt on 11/1/2019 due to severe depression because DR McGann stopped, and lied about, and delayed access to essentialy needed medicine for non medical reasons; This retaliation of Doctoring records to curb liability, besides criminal, has caused serious disadvantages for the plaintiff for dealing with any other B.O.P. doctors since, being information is false (on top of it causing injuries. All violations of the plaintiffs Clearly established lawful first Amendment rights. unlawful acts by DR. McGann, DR Knowles, and DR. Morley.

<u>Conclusion</u>

(14.)

All that is needed is for the surrounding circumstances to be sufficient enough to permit a reasonable Jury to find the delay, and denial of essential treatment was motivated by non medical factors. DR. McGanns like of wellbutrin being restricted (exhibit C) then seven week delay, waiting until after a near death/Suicide/ICU trip, was the driving force which lead to a mental breakdown/suicide which caused physical and mental Injuries. If clearly established law, Estelle Doctrine, and patient/Plaintiff suicide data had not all been Ignored, that mental suffering, and physical injuries, (punishment inflicted by DR. McGann), could have been avoided which lead to cruel and ~~unusual~~ unusual punishment. Then all three defendants conspiring, changing and doctoring records, making verbal threats, both causing the Plaintiff to thwart his grievance process, and suffer horribly from said retaliation, the driving force in which First Amendment constitutional right(s) were violated and deprived.

The callous, indifferent, malicious and calculated acts by all three defendants are not made/said lightly. Hence the amount of documents provided to show claims upon which relief can be and is being made/sought.

These defendants are supposed to be the ones not committing criminal acts, to Guard, and treat sentenced inmates. But who watches the watchers is why these claims are ripe for a Jury trial. And why the Plaintiff prays this Honorable court to bring said claims forth to promote and protect Justice, and stop abuse of power by said defendants. All this comes forth, with one hundred percent honesty understanding laws of perjury.

Respectfully Submitted,
Jonathan Andre Gilmore   09/13/2024

Relief Sought/Bivens v. Six                    (18.)

unknown Narcotic Agents 403 u.s. 388 (1971)

and 42 u.s.c. 1983 (1970).

1.) Trial by Jury 1 1A) A lawyer appointed as soon as possible due to seriousness, mental health issues etc....

2.) Injunction to preserve relevant evidence germane for trial. Specifically PM pill line camera footage. To dispute/prove when inmate/plaintiff did take his disputed medication. As records have been doctored camera evidence becomes crucial. Any evidence germane to this case, discovery and trial preserved. (camera evidence from 5pm evening pill line via 11/20/2014 and 12/4/2019. Disputed time frame) Exhibit G shows BOP early understanding of legal claims possibly coming (11/15/2014)

~~[scribbled out line]~~

~~[scribbled out line]~~

~~[scribbled out]~~ Bivens v. Six unknown Narcotic Agents the platform for victims to seek relief from federal Agents for constitutional violations, and injuries caused, and due to such callous deliberate indifference, such egregious behavior by all three defendants the plaintiff seeks;

3.) 7,500,000 00 $ (seven and a half ~~[crossed out]~~ million u.s. Dollars) via 1.) Nominal damages 2) punitive and 3) compensatory damages

To go to lengths, (criminal) to hide unlawful, right depriving behavior, as all three defendants did, to hide (attempt to hide) and curb liability and ignoring B.O.P Doctors treatment plans from Regional levels, and causing serious physical and mental injuries, all which was avoidable, the need for the relief sought.

Respectfully submitted,

Jonathan Gilmore  10/12/2020  [signature]

## Exhausting Inmate
### Remidies

(Pg 15)

When the plaintiffs medicine was wrongfully discon
inued (wellbutrin) then lied about and delayed this writer be
gan his grievance process, first, with an informal BP
8, only seeking medication resumed. Turned in, and denied on
the same date via unit counseler and DR. McGain aroun
d 10/21/2019, The writer moved on too next step in
process (BP-9). Again, the plaintiff was denied and lies
began to surface (lies & and denial 11/13/2019) from DR.
McGain. (Judge Cooke in miami has copies of both the
BP-8 denial and BP-9 denial.) (The Plaintiffs only copies
were mailed to Judge Marcia Cooke.) Records by all
three defendants began being falsified by the BP-9, and on the
dates of 11/20/2019 saying disputed medication was restarted.
And lie of medicine being restricted.) Exhibits C, D, E.
Making any attempt to resolve at Institutional level impos
ible. When defendant first had physical access and knowledge
of all doctored records (Around 2/16/2020) While at
F.C.I. Sheridan in oregon, a sensitive BP-9 was sent
to the B.o.P Northeast Regional office in philadelphia,
PA over injuries, medication delay, and doctored records, Sent
via inmate legal mail specifications and policies around 2/20/2020
Also The B.o.P Northeast Regional office never has acknowle
dged reciept or ruled upon said sensitive BP-9. (Both
policy violations) Also at same time frame, a COPY of the
said sensitive BP-9, and noted Institutional grievances,
were sent along with a motion to Judge M. Cooke in Mi
ami, Florida. Judge Cooke has records, and has acknow
ledged reciept. Thus all attempts to resolve issues wi
thin the B.o.P failed and waogrod and impossible

16.

Also these claims, with proof provided, show as well why under prison litigation reform act the plaintiffs inmate remedyes process was un obtainable.

Threats of retaliation (P.R. morley) and attempted thereact against plaintiff, by all three defendants, from taking advantage of grievance process through machination, misrepersentation, or intimidation which is what docting records and trying to hide mis treatment, thus liability, (violations of prison litigation reform act) and that null and voided BOP possible platform/access to resolve issues in this claim. Rinaldi v. united states 904 F.3d, 257 (3rd circuit 2018)

Stated with one hundred percent honesty understanding laws of perjury.

Jonathan Gilmore
plaintiff

Note: upon arrival to new/current prison, F.C.I. Butner, in North Carolina, change of address was mailed to BOP Northeast Regional office in Philadelphia, PA asking for ruling on sensitive BP9 grievance and updating address. No reply came (This was around 8/B/2020) as of the date of this claim.