NOT FOR PUBLICATION

ECF 21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JONATHAN ANDRE GILMORE, | : |
| Plaintiff, | : CIV. NO. 21-19018 (RMB-SAK) |
| v. | : **OPINION** |
| DR. STEPHANY MCGANN, et al., | : |
| Defendants | : |

Jonathan Andre Gilmore
22026-058
P.O. Box 1000
Butner, NC 27509
    Plaintiff, *pro se*

Kristin Lynn Vassallo, Assistant United States Attorney
Office of the U.S. Attorney
District of New Jersey
970 Broad Street
Newark, NJ 07102
    On behalf of Defendant

**RENÉE MARIE BUMB**, Chief United States District Judge

This matter comes before the Court upon Defendants' motion to dismiss the complaint (Docket No. 21), Plaintiff's opposition brief (Docket No. 23), Defendants' reply brief (Docket No. 25) and Plaintiff's sur-reply (Docket No. 26). The Court will decide the motion on the briefs without an oral hearing, pursuant to Federal Rule of

Civil Procedure 78(b). For the reasons discussed below, the Court will grant Defendants' motion to dismiss.

I.  BACKGROUND

On October 19, 2021, Plaintiff, a prisoner who was confined in the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton') in 2019, filed a complaint (Docket No. 1) under *Bivens*[1] against Dr. Stephany McGann, FCI Fairton's Clinical Director, alleging she violated the Eighth Amendment by providing inadequate medical care. Plaintiff also sued Dr. McGann, Dr. Christina Morley and P.A. Kyle Knowles, alleging they violated the First Amendment by altering his medical records in retaliation for his grievances about his medical care.

In support of his claims, Plaintiff alleges that he was in Federal Bureau of Prisons ("BOP") custody since 2009. (Compl., Docket No. 1 at 6.) He suffered from PTSD-related anxiety and suicidal ideation. Two medications controlled his symptoms, Zoloft and Wellbutrin. (*Id.*) The BOP removed Wellbutrin from its formulary in 2014, depriving Plaintiff of its use. Plaintiff attempted suicide three times between the years 2015 and 2018. Consequently, his prescription for Wellbutrin was renewed through July 2021, after it was approved by high-level BOP officials. (*Id.*) Plaintiff was transferred to FCI Fairton on or about October 16, 2019. (*Id.* at 7.)

On October 17, 2019, Dr. McGann discontinued Plaintiff's prescription for Wellbutrin, telling him that its use was restricted at FCI Fairton due to inmate abuse

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

of the drug. (Compl., Docket No. 1 at 8.) Plaintiff refused to discuss taking alternative medications. (*Id.*) Instead, he filed an inmate grievance. (*Id.*) Over the next month, BOP staff placed Plaintiff on suicide watch on several occasions. (*Id.*) On November 29, 2019, Plaintiff attempted suicide by taking over 100 pills of aspirin and Tylenol. (*Id.*) He was treated at an outside hospital, where staff restarted his treatment with Wellbutrin and recommended that the BOP allow him to continue taking the medicine. (*Id.* at 9.) Dr. McGann prescribed Wellbutrin on or about December 4, 2019. (*Id.*) Plaintiff told Dr. Morley that he wanted to continue with his grievance against Dr. McGann. (*Id.* at 10.) Dr. Morley told him, "If I was you Mr. Gilmore, I'd let it go. What if staff give you more problems and made your life harder." (*Id.*) Plaintiff took this as a threat. (*Id.*)

On or about January 6, 2020, Plaintiff was transferred from FCI Fairton to FCI Sheridan in Sheridan, Oregon. (*Id.*) When he received his psychology records from FCI Fairton, he noticed that Dr. McGann, Dr. Morley, and PA Knowles "altered and doctored records . . . in retaliation for pending grievances, and in hopes to curb liability." (*Id.*) Plaintiff alleged Defendants altered his medical records by asserting that Wellbutrin was restricted at FCI Fairton [when in fact it wasn't], and by Dr. McGann's claim that she restarted his Wellbutrin on November 20, 2019, rather than after his suicide attempt and hospital visit on November 29, 2019. (*Id.* at 15-18.)

II.   **MOTION TO DISMISS**

Defendants seek dismissal of the complaint against Dr. McGann. (Mot. to Dismiss, Docket No. 21-3 at 4.)  As a Lieutenant Commander in the United States Public Health Service ("PHS"), she is immune from suit when acting within her scope of employment, pursuant to 42 U.S.C. § 233(a). (*Id.* at 7-8.) Defendants submitted the Declaration of Lieutenant Commander McGann, where she stated that she is a licensed physician who joined the United States Public Health Service ("PHS") in April 2015, and at the time of the events alleged in the complaint, she was performing duties as a member of the PHS and as Clinical Director of FCI Fairton. (Declaration of Stephany McGann ("McGann Decl.") ¶¶ 1, 2, Docket No. 21-2.) Defendants also seek dismissal of the First Amendment retaliation claims under *Bivens*, based on the Supreme Court decision in *Egbert v. Boule*, 142 S. Ct. 1793, 1808-09 (2022), declining to imply a damages remedy for First Amendment retaliation under *Bivens*. (Mot. to Dismiss, Docket No. 21-3 at 9-12.)

Plaintiff opposes dismissal of the *Bivens* Claim against Dr. McGann, arguing that she was acting within the scope of her position as the Clinical Director at FCI Fairton, not as a commissioned PHS officer, when she discontinued his prescription for Wellbutrin. (Pl's Opp. Brief, Docket No. 23.)  Plaintiff outlines the scope of duties of the Clinical Director as described in the relevant BOP Program Statements, and he points out that nothing is said about the PHS. (*Id.* at 9-10.) Plaintiff maintains that Dr. McGann's membership in the PHS is immaterial to her role as Clinical Director at FCI Fairton. (*Id.*) Moreover, her lying to cover up her discontinuance of his

treatment with Wellbutrin was outside the scope of her duties. (Pl's Opp. Brief, Docket No. 23 at 16-17.) Finally, Plaintiff asserts that he does not have an alternative remedy under the F.T.C.A because BOP prevented him from completing the grievance process. (*Id.* at 16.)

Defendants, in their reply brief, reiterate that under 42 U.S.C. § 233(a), the exclusive remedy for claims arising out of actions taken by PHS employees within the scope of their employment are FTCA claims asserted against the United States. (Defs' Reply Brief, Docket No. 25 at 5-9.) The statute does not limit immunity to specific types of PHS jobs, it applies to "any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment[.]" (*Id.* at 6.) Thus, courts routinely apply PHS immunity to bar suits against commissioned officers serving in high-ranking BOP roles like Clinical Director. (*Id.* at 6-7, citing *e.g.*, *Copeland v. Chambers*, No. 20-585, 2022 WL 392454, at *2-3 (S.D. Miss. Jan. 20, 2022) (dismissing *Bivens* claim asserted against PHS member serving as BOP Clinical Director), *report and recommendation adopted*, 2022 WL 392322 (S.D. Miss. Feb. 8, 2022); *Gregory v. Hurwitz*, No. 18-3605, 2020 WL 7016472, at *5 n.4 (D.S.C. Mar. 11, 2020) (same), *report and recommendation adopted*, 2020 WL 6117691 (D.S.C. Oct. 16, 2020); *Jones v. United States*, No. 15-50, 2016 WL 11295749, at *6 (N.D.W. Va. Nov. 17, 2016) (same), *report and recommendation adopted*, 2016 WL 7377046 (N.D.W. Va. Dec. 20, 2016); *Williams v. Garjales*, No. 14-10, 2016 WL 3390459, at *4-5 (M.D. Fla. Mar. 14, 2016) (same), *report and recommendation adopted*, 2016 WL 3364967 (M.D.

Fla. June 17, 2016); *Beard v. Bureau of Prisons*, No. 11-383, 2013 WL 5951160, at *4 (N.D. Tex. Nov. 7, 2013) (same); *Doby v. Duchesne*, No. 10-3096, 2011 WL 4017713, at *3 (E.D.N.C. Sept. 8, 2011) (same). Indeed, courts have dismissed *Bivens* claims brought against Lt. Cmdr. McGann. (Defs' Reply Brief, Docket No. 25 at 9, citing *Moses v. Stewart*, No. 15-3875, 2017 WL 4326008, at *4 (D. Md. Sept. 26, 2017) (dismissing *Bivens* claims against McGann and others at FCI Cumberland because "the uncontradicted evidence establishes that these Defendants are PHS employees, and Moses's allegations against them relate only to their performance of medical functions as PHS personnel"); *Edwards v. Proud*, No. 16-2161, 2017 WL 4270396, at *6 (D. Md. Sept. 25, 2017) (holding that "McGann is entitled to absolute immunity from suit as to all claims arising from the medical care she provided after her commissioning" as a PHS officer), aff'd, 721 F. App'x 256 (4th Cir. 2018); *Bushrod v. Stewart*, No. 16-1879, 2017 WL 4124234, at *6 (D. Md. Sept. 15, 2017) (dismissing *Bivens* claims against McGann and others based on PHS immunity).

In his sur-reply, Plaintiff alleges that Dr. McGann's act of lying about Wellbutrin being restricted at FCI Fairton, and her alteration of medical records were outside the scope of her employment; thus, there is no PHS immunity. (Pl's Sur-reply, Docket No. 26.)

### III.   DISCUSSION

    **A.**   **Standard of Law**

A factual attack on jurisdiction by motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *CNA v. United States,* 535 F.3d 132, 139 (3d Cir. 2008) (internal quotation omitted). In a factual attack on jurisdiction, "'it is permissible for a court to review evidence outside the pleadings.'" *Id.* at 145 (quoting *Atkinson v. PA Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)).

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a Rule 12(b)(6) motion to dismiss, courts must accept all well-pleaded facts as true, while disregarding any legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). A complaint survives a motion to dismiss if the court determines that the facts alleged in the complaint show that the plaintiff has "a plausible claim for relief." *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 1950.)

    B.    Analysis

        1.    **Immunity under the PHS**

Medical professionals answer the call to provide medical services in "health professional shortage areas," such as prisons, by joining the National Health Services Corp., created for that purpose.  42 U.S.C. § 254d; *see also Diaz-Romero v. Mukasey*, 514 F.3d 115, 118 (1st Cir. 2008) ("[t]he PHS is, along with the armed service branches, designated as a uniformed service of the United States. 42 U.S.C. § 201(p).")

Employees of the PHS are immune from suits challenging their conduct as PHS employees under the Public Health Service Act, 42 U.S.C. § 233(a). *Hui v. Castaneda*, 559 U.S. 799, 801-802 (2010). The exclusive remedy for claims arising out of actions taken by PHS employees within the scope of their employment lies in an FTCA action asserted against the United States. 42 U.S.C. § 233(a). The absolute immunity conferred by § 233(a) extends to *Bivens* claims asserted against PHS employees acting within the scope of their federal employment. *Hui*, 559 U.S. at 806. Dr. McGann has been a member of the PHS since 2015 and was serving, as a Lieutenant Commander of the PHS, as the Clinical Director at FCI Fairton during the events alleged in the complaint. (McGann Decl. ¶¶ 2-3.) Dr. McGann was acting within the scope of her employment by making the medical determination to discontinue Plaintiff's prescription for Wellbutrin upon his transfer to FCI Fairton, and by maintaining or approving Plaintiff's medical records. Therefore, Plaintiff's sole recourse for liability based on how she performed these duties is under the Federal Tort Claims Act. The Court will dismiss the *Bivens* claims against Dr. McGann for lack of subject matter jurisdiction based on Dr. McGann's absolute immunity from such claims. *See e.g. Ingram v. Faruque,* 728 F.3d 1239, 1244-48 (10th Cir. 2013) (affirming dismissal of *Bivens* claim for lack of subject matter jurisdiction where FTCA provided exclusive remedy pursuant to the VA Immunity statute, which mirrored language of § 233(a)).

    **2.    Damages Actions for First Amendment Retaliation Claims under *Bivens***

Plaintiff seeks damages from Dr. McGann, PA Knowles, and Dr. Morley in their individual capacities for allegedly altering his medical records in retaliation when he filed grievances against them. Plaintiff fails to state a *Bivens* claim because the Supreme Court in *Egbert* held "there is no *Bivens* cause of action for [a] First Amendment retaliation claim." 142 S. Ct. at 1807. The Supreme Court disfavors judicially created damages actions and would not imply a damages remedy for First Amendment retaliation under *Bivens* because Congress is in a better position to make that determination. *Id.* at 1803, 1807-09.

## IV.    CONCLUSION

For the reasons stated above, the Court will grant Defendants' motion to dismiss.

An appropriate Order follows.

Date: **February 22, 2023**

                                              s/Renée Marie Bumb
                                              **RENÉE MARIE BUMB**
                                              **Chief United States District Judge**